**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DIANA BEHRE,

    Plaintiff,

v.

LINCOLN FINANCIAL ADVISORS CORPORATION,

    Defendant.

**COMPLAINT**

Civil Index No:

Jury Trial Demanded

Plaintiff, Diana Behere f/k/a Diana A. Cook a/k/a Diane Cook, (hereinafter referred to as "Plaintiff"), by and through Plaintiff's attorneys, **DEREK SMITH LAW GROUP, PLLC,** hereby complains of Defendant, Lincoln Financial Advisors Corporation (hereinafter referred to as "LFA" and/or Defendant") respectfully alleges as follows upon information and belief:

**NATURE OF CASE**

1. This action is brought to remedy, *inter alia*, the unlawful discrimination to which Defendant subjected Plaintiff on the basis that Plaintiff sought protection under of the United States Bankruptcy Code and Defendant unlawfully terminated Plaintiff's employment solely because Plaintiff was a debtor under the Bankruptcy Code of the United States. Through their unlawful and discriminatory conduct, Defendants violated, *inter alia*, 11 U.S.C. § 525 (b) ("Section 525 of the Bankruptcy Code") and The New York City Human Rights Law ("NYCHRL").

2. This is an action based on, *inter alia*, illegal termination under § 525 of the Bankruptcy Code (hereinafter referred to as "Section 525") and misclassification of Plaintiff as an independent contractor. No one may discriminate, with respect to employment, against an individual because that person has filed for bankruptcy. Filing for bankruptcy is protected activity. Furthermore,

1

under all applicable administrative and legal tests, plaintiff was an employee, who was paid with an IRS form W2 and with the appropriate tax withholdings in part and with an IRS form 1099 in part.

3. Upon Defendant's illegal termination of Plaintiff's employment Defendant also stole Plaintiff's book of clients, and otherwise unjustly enriched itself at Plaintiff's expense.

4. Plaintiff seeks injunctive and declaratory relief with respect to each Claim, as well as, monetary relief, including but not limited to: compensatory and punitive damages; attorney's fees and the costs associated with this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal laws.

## JURISDICTION AND VENUE

5. This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

6. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title 11 of United States Code, the United States Bankruptcy Code. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

7. Venue is proper in that the acts or omissions giving rise to the claims herein arose within the District of New Jersey and Defendant resided and engaged in business with at least one physical location in the State of New Jersey.

## PARTIES

8. Plaintiff is an individual female who is a resident of the State of New Jersey, County of Warren, who went by the name Diane Cook, while employed by Defendant.

9. At all times material, Defendant is a foreign business corporation duly existing by virtue of the laws of the State of Indiana which does business in the State of New Jersey and maintains an office location in Bergen County, New Jersey.

## MATERIAL FACTS

10. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

11. Plaintiff began her career as a financial advisor around December 1996.

12. Plaintiff has been licensed with FINRA for the entirety of her career.

13. Plaintiff has been continuously employed as a financial advisor by various firms engaged in the trade of financial advising over the span of her nearly three-decade career, during which time she cultivated professional relationships with numerous clients of the firms where he was employed, and those clients typically followed Plaintiff as she joined new firms, thereby, the clients who followed Plaintiff became the clients of the successive firms that employed Plaintiff.

14. These clients who followed Plaintiff from firm-to-firm over the course of h career are described in financial industry vernacular as a 'book of clients' or 'book of business.'

15. Plaintiff joined Defendant's firm as a financial advisor in around December 2003.

16. When Plaintiff joined Defendant's firm, Plaintiff's book of clients became Defendant's clients.

17. As a financial advisor, for the entirety of her career, Plaintiff primarily engaged in the sale of financial instruments, which includes brokering the sales and trades of investment securities.

18. From approximately December 2003 to approximately September 20, 2017 Plaintiff worked exclusively for Defendant as financial advisor.

19. Defendant was Plaintiff's employer and issued Plaintiff both IRS forms W2 and 1099 reflecting compensation for work she performed for Defendant for the duration of Plaintiff's employment with Defendant.

20. In around April 2007, Plaintiff's mother was diagnosed with Stage 4 cancer and moved in to live with Plaintiff so she could care for her ailing mother.

21. The requirements of caring for her ailing mother impacted the amount of time Plaintiff was able to dedicate to her work and accordingly reduced Plaintiff's income.

22. The downturn of the financial markets in the wake of the 2008 economic crash, along with the necessity of Plaintiff working less than full-time to care for her mother reduced Plaintiff's income so drastically that Plaintiff was advised to file Chapter 13 bankruptcy.

23. Around December 2011 filed for Chapter 13 bankruptcy debt reorganization.

24. In May 2013 Plaintiff's mother died from cancer.

25. Contentious and protracted intra-family litigation regarding the estate of Plaintiff's late mother left Plaintiff in an insurmountable financial situation where she was forced to seek protection under Chapter 7 of the bankruptcy code.

26. In around January 2016, Plaintiff filed to dismiss her Chapter 13 bankruptcy filing.

27. In around May 2017 Plaintiff filed a petition for bankruptcy under Chapter 7 of the bankruptcy code.

28. Plaintiff disclosed the Chapter 7 bankruptcy filing to Defendant shortly thereafter.

29. Plaintiff exercised strict control and monitoring of all of the instrumentalities related to Plaintiff's work as a financial advisor while Plaintiff worked for Defendant.

30. Defendant maintained access to and reviewed emails between Plaintiff and Defendant's clients.

31. Defendant required that Plaintiff report any and all gifts exchanged between Plaintiff and Defendant's clients.

32. While Plaintiff worked for Defendant, Defendant supplied the email account that Plaintiff used for work.  Defendant did not allow Plaintiff to use any other email account for work.

33. Plaintiff's work email was controlled and hosted by Defendant.  The suffix to Plaintiff's work email address was "@LFG.com", which stands for "Lincoln Financial Group," one of Defendant company's names.

34. For the majority of time Plaintiff worked for Defendant, Defendant required that Plaintiff worked stationed in an office at Defendant's office located at 61 Paramus Rd #425, Paramus, NJ 07652.

35. Defendant did not charge Plaintiff rent.

36. While Plaintiff worked in her office, at Defendant's office space, Defendant provided a telephone for Plaintiff to use for work.

37. All of Plaintiff's work for Defendant was closely monitored by Defendant and Defendant required Plaintiff to submit highly detailed weekly reports describing each transaction Plaintiff completed for Defendant's clients.

38. Defendant required that Plaintiff attend continuing education courses conducted by a specific continuing education provider of Defendant's choosing in order to meet FINRA requirements.  Defendant did not allow Plaintiff to select the continuing education provider of her own choosing that would have allowed Plaintiff to fulfill FINRA's continuing education requirements.

39. Defendant maintained strict oversight over Plaintiff's FINRA continuing education requirements and upcoming deadlines. Defendant would notify Plaintiff if a FINRA continuing education deadline was approaching and direct Plaintiff to attend a continuing education course with Defendant's mandated continuing education provider.

40. Defendant supplied Plaintiff with business cards emblazoned with Defendant's name and logo.

41. Plaintiff worked exclusively for Defendant from 2003 until 2017.

42. Plaintiff was paid directly by Defendant.

43. Defendant required that Plaintiff provide her professional services solely and exclusively to Defendant and Defendant's clients.

44. Defendant required that Plaintiff strictly adhere to a non-negotiable commission rate mandated solely by Defendant.

45. Defendant required that Plaintiff immediately report any and all customer complaints about Plaintiff to Defendant.

46. Defendant exercised strict controls and surveillance over the manner and means by which Plaintiff worked.

47. All aspects of Plaintiff's work were subjected to extremely close monitoring and surveillance and Defendant required that Plaintiff attend mandatory training provided by Defendant.

48. For the entirety of Plaintiff's employment with Defendant, Plaintiff provided impeccable customer service and the clients whose accounts Plaintiff serviced were generally very pleased with the quality of the work Plaintiff provided.

49. In around May 2017 Plaintiff promptly notified Defendant of the pending Chapter 7 bankruptcy filing.

50. Shortly after Plaintiff notified Defendant of the bankruptcy, Defendant's Business Conduct Committee ("BCC") initiated a review of Plaintiff's employment based solely upon Plaintiff's Chapter 7 bankruptcy filing.

51. Around September 20, 2017, Plaintiff received a letter from Defendant stating that Defendant's BCC recently met to review Plaintiff's recent Chapter 7 bankruptcy filing, and as a result of that review, Defendant was terminating Plaintiff's employment, thereby firing Plaintiff based solely on Plaintiff's bankruptcy filing (see the letter dated September 20, 2017 attached hereto as 'Exhibit A').

52. Defendant terminated Plaintiff's employment because she filed for Chapter 7 Bankruptcy.

53. The termination letter Defendant sent to Plaintiff made no mention of any other reason for Plaintiff's termination other than Plaintiff's Chapter 7 filing.

54. Defendant could have allowed for a mutual separation that would have allowed Plaintiff to retain her book of clients and to obtain work at another firm, instead, Defendant terminated Plaintiff and retained all of the clients that Plaintiff brought with her when she joined Defendant's firm.

55. Instead, Defendant took illegal and punitive action against Plaintiff because Plaintiff filed for Chapter 7 bankruptcy protection.

56. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

57. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

58. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

59. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

60. Plaintiff hereby demands reinstatement.

61. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

62. In the event that this Court determines that Plaintiff was an independent contractor, Plaintiff pleads in the alternative all applicable causes of action.

**FIRST CAUSE OF ACTION**
**BANKRUPTCY DISCRIMINATION IN VIOLATION OF 11 U.S.C § 525**

63. Plaintiff realleges the above paragraphs and incorporates them by reference as though fully stated herein.

64. 11 U.S.C § 525 states, in pertinent part as follows:

(b) No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt—

(1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;

(2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or

(3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

65. Defendant began targeting Plaintiff for termination soon after it became aware of Plaintiff's Chapter 7 bankruptcy filing. Unable to identify a legitimate business reason that would allow Plaintiff to terminate Plaintiff's employment, Defendant reviewed Plaintiff's Chapter 7 filing and terminated Plaintiff on that basis. Defendant sent Plaintiff a termination letter unambiguously stating that Plaintiff's Chapter 7 filing was the basis for Defendant's decision to terminate Plaintiff's employment.

66. This violated 11 U.S.C. § 525(b).

67. As a result of the foregoing, Defendant violated the aforesaid statute and plaintiff demands redress.

## AS A SECOND CAUSE OF ACTION UNDER NEW JERSEY STATE LAW FOR BREACH OF CONTRACT

68. Plaintiff repeats, reiterates and re alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

69. Plaintiff and Defendants entered into a legally enforceable Employment Contract.

70. In the Employment Contract, Defendants agreed that Plaintiff would work for Defendant LINCOLN FINANCIAL ADVISORS as a Financial Advisor.

71. Defendant also agreed to compensate Plaintiff for her financial advisor services.

9

72. Plaintiff completed and fully performed her obligations pursuant to the Employment Contract.

73. Defendants have failed to complete or fully perform their obligations pursuant to the Employment Contract.

74. Defendants materially breached the Employment Contract by terminating Plaintiff's employment, without cause or justification, in express violation of the Employment Contract and in express violation of Section 525(b) of the Bankruptcy Code.

75. As a result of the acts and conduct complained of herein, Defendants breached the agreement and broke any implied covenant of good faith and fair dealing when they intentionally, knowingly and willfully refused to honor their obligations to Plaintiff under the Agreement.

76. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRD CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### FOR QUANTUM MERUIT

77. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

78. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79. Plaintiff rendered valuable services to Defendant as a financial advisor.

80. These employment services were properly rendered to Defendants.

81. The services were accepted, used, and enjoyed by Defendants.

82. Defendant was aware that Plaintiff, in performing the services, expected to be paid by Defendants.

83. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## FOR UNJUST ENRICHMENT

84. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85. Defendants received and retained a benefit conferred by Plaintiff and was unjustly enrichment at Plaintiff's expense through the retention of the clients Plaintiff brought to Defendant's firm that Plaintiff cultivated over the course of his nearly three decade career, and also such items as employer contributions to the IRS, unemployment and workers' compensation insurance.

86. Defendant has benefitted unjustly at Plaintiff's expense, which in equity and good conscience, Defendant should not be permitted to retain.

87. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff has suffered monetary and non-monetary injury.

88. Plaintiff, is entitled to restitution from Defendant and an order to ameliorate all of their earned wages and/or earnings that Defendant have withheld, and for the disgorgement of all Defendants profits, benefits, and other compensation obtained by Defendants through their wrongful conduct.

89. Plaintiff pleads in the alternative, that in the event there is no other remedy under law, Plaintiff is entitled to recovery under the doctrine of unjust enrichment.

90. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW FOR
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

91. Plaintiff repeats, reiterates and re alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

92. To act in good faith and deal fairly, a party must act in a way that is honest and faithful to the agreed purposes of the contract and consistent with the reasonable expectations of the parties. A party must not act in bad faith, dishonestly, or with improper motive to destroy or injure the right of the other party to receive the benefits or reasonable expectations of the contract.

93. Pursuant to N.J.S.A. Section 4.10 J, a plaintiff must prove that the defendant, with no legitimate purpose: 1) acted with bad motives or intentions or engaged in deception or evasion in the performance of contract; and 2) by such conduct, denied the plaintiff of the bargain initially intended by the parties.

94. Defendants breached the implied covenant of good faith and fair dealing by breaching the same employment contract they requested Plaintiff to commit to as an implied term of employment as a financial advisor.

95. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## INTERFERENCE WITH PROSPECTIVE
## ECONOMIC ADVANTAGE

96. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

97. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

98. Under New Jersey law, in order to make out a *prima facie* case for tortious interference with prospective economic advantage, a plaintiff must establish "(1) that [he] had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship.

99. Defendants violated the above law as set forth herein.

**WHEREFORE**, Plaintiff respectfully request that this Court find against Defendant as follows:

    a.    Order Plaintiff reinstated to his position and seniority, and otherwise make Plaintiff whole;

    b.    Award Plaintiff the value of all compensation and benefits lost and that will be lost in the future as a result of Lincoln's unlawful conduct, including front and back pay and compensatory damages for emotional distress and loss of reputation;

    c.    Award Plaintiff other compensatory damages;

    d.    Award plaintiff statutory and liquidated damages where available'

    e.    Award punitive damages where available;

    f.    Award Plaintiff prejudgment and post judgment interest and attorneys' fees, costs and disbursements, as provided by law;

    g.    Award Plaintiff such other relief as this Court deems just and proper.

Dated: New York, New York
         September 20, 2020

                                       *Respectfully submitted,*

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Claimant*

<u>/s/ Rachel Allen</u>
Rachel Allen, Esq.
Seamus P. Barrett, Esq. (admission pending)